IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHLEEN RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-16-3064 |
| | § | |
| H:20 INNOVATIONS, LLC, and | § | |
| DONALD R. HATTEY, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF REMAND

Pending before the Court in the above referenced cause for breach of contract and fraud, removed from the 334th District Court of Harris County, Texas, Cause Number 2016-36378, based on Plaintiff Kathleen Richardson's First Amended Petition, in which she sought a declaratory judgment and a new form of relief, specific performance, is Plaintiff's motion to remand and request for award of costs for a frivolous removal under 8 U.S.C. § 1447(c).

Plaintiff is and has been during the pendency of this action a citizen of Texas, while Defendants were and have been citizens of Michigan. Plaintiff claims damages of between $200,000 to $1,000,000.

### Plaintiff's Motion to Remand

Plaintiff's motion to remand states that she filed this suit in state court on June 2, 2016, and Defendants answered on July 8, 2016. The parties agree that at that time, complete diversity existed among the parties, but that Defendants "intentionally

-1-

elected not to remove." #2 at p. 2. Plaintiff filed a First Amended Petition on or about September 15, 2016. In it she asserted a "new cause of action," i.e., a request for a declaratory judgment, and sought a new form of relief, specific performance. At the same time she states, "the First Amended Petition "changed absolutely nothing other than the addition of the equitable remedies of declaratory judgment and specific performance to the *same* breach of contract already in the pleadings, for which the Original Petition had only requested damages." #2 at p.2, ¶ 9. She now contends that Defendants' intentional election not to remove the case after the Original Petition was filed waived their right to remove under 28 U.S.C. § 1447(b)(3).

Plaintiff maintains that the sole issue here is whether the "revival exception" applies as a result of her amendment. 28 U.S.C. § 1446(b)(3). *Citing Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000)("a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit"), as the "controlling authority on the 'revival exception,'" Plaintiff emphasizes that the Fifth Circuit in *Heublein*, held that "the exception did apply when the amended pleading bore 'no resemblance whatsoever to the allegations' in the original complaint, aligned the parties in a different manner, and stated a 'virtually new, more complex, and substantial case' against the defendants." *Id.* at 242." #2, p. 2,

¶ 10.  Plaintiff argues that "[t]he amendment in this case does none of those things." *Id*.  She points out that after *Heublein* "courts have narrowly interpreted the revival exception." *Satchel v. Houston Community College*, Civ. A. No. H-12-3412, 2013 WL 871967, at *3 (S.D. Tex. Feb. 6, 2013), *report and recommendation adopted*, 2013 WL 871976 (S.D. Tex. Mar. 7, 2013). *See id.* at *4 ("While Plaintiff's petitions have been somewhat of a moving target, the essence of the factual allegations has not changed since February 2011 and the legal causes of action have consistently complained of an alleged wrongful termination of Plaintiff's employment.  Based on a thorough consideration of all the petitions in this action, Defendant has not shown that Plaintiff's Fifth Amended Petition is so substantially different from the preceding petitions to constitute a new lawsuit.")(finding the revival exception was not applicable to the case); *Baych v. Douglass*, 227 F. Supp. 2d 620, 622 (E.D. Tex. 2002)(holding that although three new defendants and new claims for fraud, civil conspiracy, and violations of the Uniform Transfers Act were added, the revival exception did not apply because the core of the lawsuit still arose from an alleged breach of employment contract). "[D]istrict courts have seldom found exceptional circumstances" to support application of the revival exception, and when they have the circumstances usually involved instances of lost files, bad faith, and forum manipulation." *Baych*, 227 F. Supp. 2d at 622.

**Defendants' Response (#5)**

Defendants maintain that the new declaratory judgment and request for specific performance have substantially changed the character and nature of the case. Relying on *Wilson v. Intercollegiate (Big Ten) Conference A.A.*, 668 F.2d 962, 965 (7th Cir. 1982)(recognizing the revival exception where "the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day"), which was adopted by the *Heublein* court, 227 F.3d at 241, Defendants point out that Judge Posner observed that none of the various formulations of the revival exception is "self-defining. The right to revive must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception, and against a background of general considerations relating to the proper allocation of decision-making responsibilities between state and federal courts." *Id.*

After reviewing the record and the applicable law, the Court concludes that Plaintiff is correct and that the amendment of the Original Petition was minimal in the addition of two new forms of relief, while the cause of action remained the same, as a matter of law the revival exception clearly does not apply under the facts here.

Moreover "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeing removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). The Court

finds that there was no objectively reasonable basis for Defendants' removal here. Accordingly, the Court

ORDERS that this case is REMANDED to the 334th District Court of Harris County, Texas, where it was originally filed under Cause Number 2016-36378. The Court further

ORDERS Plaintiff to file an appropriate request, with supporting documents, for costs and actual expenses, including attorney's fees, within ten days. Defendant shall file a response within ten days.

SIGNED at Houston, Texas, this 7th day of August, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE